IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIBEL CRUZ-GASCOT,<br><br>**Plaintiff,**<br><br>v.<br><br>HIMA - SAN PABLO HOSPITAL BAYAMON, *et al.*,<br><br>**Defendants.** | **Civil No.** 08-2080 (FAB) |

OPINION AND ORDER[1]

BESOSA, District Judge.

On September 22, 2008, plaintiff Maribel Cruz-Gascot ("Maribel Cruz"), along with her father and siblings, filed a complaint against defendants[2] alleging eleven causes of action due to the death of Maribel Cruz's mother, Maria Gascot-Pagan ("Maria Gascot"). The causes of action included claims for medical malpractice and negligence pursuant to article 1802 of the Puerto

---

[1] Christine D'Auria, a second-year student at Northwestern Law School, assisted in the preparation of this Opinion and Order.

[2] The original defendants were:  HIMA - San Pablo Hospital Bayamon; Diagnostic and Treatment Center in Cataño; Dr. Ildefonso Rivera-Rivera, his wife, Mrs. Rivera and the conjugal partnership comprised between them; Dr. Ismael Rodriguez-Rivera, his wife, Mrs. Rodriguez and the conjugal partnership (comprised between them; Sindicato de Aseguradores para la Suscripcion Conjunta de Seguro de Responsabilidad Profesional Medico-Hospitalaria; ABC and DEF Insurance Companies; John Doe and James Roe as well as any other Joint Unknown Tortfeasors and their respective XYZ Insurance Companies.

Rico Civil Code, Laws of P.R. Ann.tit. 31 § 5141, and EMTALA violations.  42 U.S.C. § 1395dd (Docket No. 1).  Plaintiffs moved for voluntary dismissal of the EMTALA and the state court claims by all plaintiffs except Maribel Cruz on December 22, 2008, (Docket No. 5), and the Court granted the motion on February 13, 2009. (Docket No. 16.)  Maribel Cruz, "on her own behalf and not as a representative of Maria [Gascot]'s estate," (Docket No. 60 at 14), then filed an amended complaint on December 22, for ten causes of action including negligence and medical malpractice under article 1802.  (Docket No. 6.)

On May 19, 2010, defendants HIMA - San Pablo Hospital Bayamon ("HSPB"), Dr. Ildefonso Rivera-Rivera and his Conjugal Partnership ("Dr. Rivera"), and Dr. Ismael Rodriguez-Rivera ("Dr. Rodriguez"), moved for summary judgment on plaintiff's survivorship and personal claims under article 1802.  (Docket No. 53.)  Defendants contend that plaintiff's claim for the damages she inherited from her mother belong to the estate of Maria Gascot under Puerto Rico law, which requires the joinder of all heirs to the cause of action. Id. at 6-8.  Because the other heirs to Maria Gascot's estate to be joined are necessary, and indispensable parties pursuant to Federal Rules of Civil Procedure Rule 19, but non-diverse, defendants argue that the Court must dismiss plaintiff's survivorship claim.

Plaintiff opposed the motion for summary judgment, arguing that Puerto Rico law and common law precedent show that not all heirs need to be accumulated in an inherited claim under article 1802. (Docket No. 60.)  For the reasons discussed below, the Court **GRANTS** defendants' motion for summary judgment regarding plaintiff's survivorship claim.

Defendants also contend that in violation of Rule 26 they have been unable to depose plaintiff's expert, Dr. Manuel A. Quiles, and that the doctor's failure to appear for a deposition warrants exclusion for failure to comply with this Court's orders.  (Docket No. 53 at 15.)   Defendants argue that without Dr. Quiles' testimony, plaintiff is unable to establish all of the elements required by article 1802 for a tort action and plaintiff's malpractice claim should be dismissed.  Id. at 15-16.  On July 1, 2010, however, this Court ordered the deposition of Dr. Quiles to be set for July 16, 2010.  (Docket No. 80.)  Dr. Quiles' deposition was taken on July 14, 2010, (Docket No. 82), and the Court noted plaintiff's compliance with the Court's order.  (Docket No. 83.)  Accordingly, defendants' request for dismissal of plaintiff's malpractice claim because of their inability to take Dr. Quiles's deposition is deemed **MOOT** and is **DENIED.**

### FACTUAL BACKGROUND

At approximately 10:00 p.m. on September 21, 2007, Maria Gascot arrived with her husband, Ramon Cruz-Torres ("Ramon Cruz"), at the Diagnostic and Treatment Center ("CDT") in Cataño, Puerto Rico because Maria Gascot was feeling sick and had chest pains. (Docket No. 6 at 4.)  Two hours after Maria Gascot had "some laboratories performed," at around 12:20 a.m. on September 22, 2007, the CDT discharged Maria Gascot, and she was transferred by ambulance to the Emergency Room at HSPB.  Id. at 4-5.  She was diagnosed with acute inferior myocardial infarct,[3] and the HSPB ordered her admission to the Telemetry unit.[4]  Id.  On September 23, 2007, Dr. Rivera stopped the administration of a medication called "Tridil" to Maria Gascot around 11:30 a.m., but at around 2:05 p.m. Dr. Rodriguez started Maria Gascot on Tridil again.  Id. at 5-6.  Dr. Rodriguez last saw Maria Gascot at around 2:05 p.m. on September 23, 2007.  Id. at 6.

---

[3] "Myocardial infarct" is commonly known as a "heart attack." http://www.nlm.nih.gov/medlineplus/ency/article/000195.htm.

[4] "The telemetry unit is an area of a hospital where special machines are used to help staff closely monitor patients, especially for changes in blood pressure and the rate and rhythm of the heart."
http://uimc.discoveryhospital.com/main.php?t=enc&id=3048.

On September 24, 2007, at around 3:00 a.m., Maria Gascot was "found severely diaphoretic and hypotensive, with a blood pressure of 40/20mmHg by one of the physicians walking through the corridor" at HSPB.  (Docket No. 6 at 6.)  Maria Gascot died at the HSPB on September 24, 2007, at around 5:00 a.m.  Id.

## DISCUSSION

### I.   SUMMARY JUDGMENT STANDARD

A court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l., Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine".  "Material" means that a contested fact has the potential to change the outcome of the suit under governing law.  The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment."  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## II.   PLAINTIFF'S SURVIVORSHIP CLAIM

### A.   ARTICLE 1802 AND THE "SUCESION"

Defendants argue that plaintiff's claim for damages for the pain and suffering endured by Maria Gascot constitutes an inherited cause of action under article 1802.  Defendants contend accordingly that all heirs to Maria Gascot's estate must be joined as parties.

In Puerto Rico,[5] two tortious causes of action deriving from an unlawful death arise under article 1802:

> [O]ne is the personal action of the original
> victim of the accident for the damages that
> the same suffered; and the other, the action
> which corresponds exclusively and by own right

---

[5] In a diversity jurisdiction case, a federal court must apply the substantive law of the forum where the action is filed.  Hanna v. Plumer, 380 U.S. 460, 471 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, Puerto Rico law applies to this case.

> to the deceased's close relatives for the
> damages the death of their predecessor caused
> them. <u>Caez v. U.S. Casualty Co.</u>, 80 P.R.R.
> 729, 736. When, as in the instant case, both
> causes of action are exercised by the heir[]
> of the original victim we can differentiate
> them by calling one the inherited or
> patrimonial action and the other the direct or
> personal action.

<u>Widow of Delgado v. Boston Ins. Co.</u>, 1 P.R. Offic. Trans. 823

(1973).[6]

A decedent's estate under Puerto Rico inheritance law is

called a "sucesion," which "is the transmission of rights and

obligations of a deceased person to his [or her] heirs . . . . The

inheritance includes all of the property, rights and obligations of

a person which are not extinguished by his [or her] death . . . and

is transmitted . . . from the moment of his [or her] death." <u>Id</u>.

A sucesion "is not an entity distinct and separate from the persons

composing it," <u>Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Authority</u>

<u>(PRASA)</u>, 596 F. Supp. 2d 223, 229 (D.P.R. 2009) (internal citation

omitted), and it "does not have existence by itself as a juridical

person or entity on behalf of which a lawsuit can be brought."

---

[6] "The official translations of many Puerto Rico Supreme Court
cases cited . . . do not contain internal page numbers.
Accordingly, we cannot include pin-point citation references for
those cases." <u>Citibank Global Markets, Inc. v. Rodriguez-Santana</u>,
573 F.3d 17 (1st Cir. 2009).

Arias-Rosado v. Gonzalez-Tirado, 111 F. Supp. 2d 96, 99 (D.P.R. 2000).[7]

### B.   JOINDER OF NON-DIVERSE HEIRS

Plaintiff and defendants dispute whether all heirs to a decedent's sucesion must be joined as parties, pursuant to Federal Rule of Civil Procedure 19, to a lawsuit for an inherited action. The question is of particular importance here, where subject matter jurisdiction is based solely on diversity.  Several non-diverse heirs are absent, and their joinder would destroy diversity jurisdiction.

### 1.   PARTIES' ARGUMENTS

Plaintiff Maribel Cruz, as the daughter of Maria Gascot, seeks damages for the "excruciating, conscious pain and suffering" that her mother allegedly experienced prior to her death. (Docket No. 6 at 16.)  Defendants argue that plaintiff's claim constitutes an inherited cause of action pursuant to article 1802 that is transmitted by Maria Gascot's death to her heirs.

---

[7] Although in the discussion to follow this Court adopts a different interpretation of Puerto Rico law than that adopted by Ruiz-Hance, 596 F. Supp. 2d 223, Arias-Rosado, 111 F. Supp 2d 96, and Rodriguez-Rivera v. Rivera-Rios, 2009 U.S. Dist. LEXIS 17495 (D.P.R. 2009), the Court follows the language contained in those opinions addressing the definition of a "sucesión" in order to maintain consistency in stating the relevant standards.

According to defendants, the Puerto Rico Court of Appeals has dismissed complaints that fail to join all members of a sucesion to a cause of action because such joinder is required.[8] (Docket No. 53 at 7.) Defendants point out that some courts[9] in this district have found that one heir may bring an action for inherited damages on behalf of the estate. Defendants argue that such cases were incorrectly decided, however, because they "mistakenly" applied Puerto Rico community property concepts to the sucesion and did not appreciate the sucesion's "special nature". Id. at Note 6.

Defendants contend that the First Circuit Court of Appeals, after being urged to follow the reasoning adopted in Arias-Rosado, Rodriquez-Rivera, and Ruiz-Hance, assumed that Puerto Rico law was uncertain. (Docket No. 53 at Note 6.) (citing Jimenez

---

[8] Defendants' motion for summary judgment cites Xavier Jose Planas-Merced v. Shirley Arias-Arias, KLAN0200237, 2002 PR App. LEXIS 2875, a case written in the Spanish language. "Where a party makes a motion to dismiss based on a decision that was written in a foreign language, the party must provide the district court with and put into the record an English translation of the decision." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). In light of the defendants' failure to provide such a translation, the Court cannot consider the case in its analysis. See id.

[9] Defendants specifically criticize this District's analyses regarding the sucesion in Arias-Rosado, 111 F. Supp 2d 96 (Gierbolini, J.); Rodriquez-Rivera, 2009 U.S. Dist. LEXIS 17495 (Casellas, J.); and Ruiz-Hance, 596 F. Supp. 2d 223 (Perez-Gimenez, J.).

v. Rodriguez-Pagan, 597 F.3d 18 (1st Cir. 2010)).  Defendants

reason that, because "[a]n action claiming an inherited right of

the estate such as the pain and suffering of the deceased belongs

to the [s]ucesion as an indivisible unit and requires the

participation of all the members of the '[s]ucesion,'" id. at

Note 6, plaintiff Maribel Cruz's siblings must be parties to the

survivorship claim.   Id. at 6-8.)  Defendants argue that the

non-diverse siblings in this case would preclude diversity

jurisdiction and that the inherited damages claim must be

dismissed.  Id. at 8-9.

Citing inter alia the district court cases that

defendants seek to refute, plaintiff responds that any of the heirs

of an estate may file a survivorship claim because all heirs

benefit if the individual prevails.  (Docket No. 60 at 10.)  To

support her argument, plaintiff cites Tropigas de Puerto Rico v.

Tribunal Superior, 2 P.R. Offic. Trans. 816 (1974).  In Tropigas,

the Supreme Court of Puerto Rico quoted Spanish doctrine to

buttress its conclusion that when any of the heirs brings a cause

of action, all of the other heirs benefit.  2 P.R. Offic. Trans.

816 ("[E]ven in the case of an undivided inheritance, any of the

heirs, may exercise, for the benefit of the estate in common, the

actions corresponding to the deceased . . . .")

Civil No. 08-2080 (FAB)                                            12

          Plaintiff also cites <u>Cintron v. San Juan Gas</u>, 79 F.

Supp. 2d 16, 19 (D.P.R. 1999) to argue that plaintiff alone will

adequately protect the survivorship claim.  Because plaintiff and

the non-diverse heirs have identical interests in the survivorship

claim, "any judgment in favor of one or more participants benefits

all other participants in a community of property, whereas any

adverse judgment only prejudices the one who filed the judicial

action." (Docket No. 60 at 10-11.)  Plaintiff contends that the

comments of the First Circuit Court of Appeals in <u>Jimenez</u> are not

binding to this Court and urges the Court to consider Puerto Rico's

community property law.  <u>Id</u>. at 11-12.  Because she contends that

Puerto Rico's inheritance law "keeps silence" as to whether an

individual heir may sue alone for an inherited claim, plaintiff

urges the Court to turn to the Puerto Rico Civil Code and address

the interpretations of the Supreme Court of Puerto Rico to deny

defendants' motion for summary judgment.  <u>Id</u>. at 15.

     **2.    PRECEDENT**

          This Court "has interpreted Puerto Rico law to

provide that an individual participant in a community of property

does not impair other participants' interests merely by asserting

common legal rights to the property while the other participants

are absent."[10]  Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 26 (1st
Cir. 2010).  The analyses set forth in Arias-Rosado, Rodriguez-
Rivera, and Ruiz-Hance turn on the Supreme Court of Puerto Rico's
reasoning that any heir to an estate may defend the heirs' common
rights because "[i]f he/she prevails, his/her victory is for the
benefit of all the co-owners."  Arias-Rosado, 111 F. Supp 2d at 99
(citing Danz v. Suau Ballester, 82 D.P.R. 591, 595 (1961); Tropigas
de Puerto Rico v. Tribunal Superior, 102 D.P.R. 630, 641 (1974);
Cintron v. San Juan Gas, 79 F. Supp. 2d 16, 19 (D.P.R. 1999)).
Because an adverse judgment "only prejudices the one who filed the
judicial action," the district court reasoned that there is no risk
that an absent heir's interest would be impaired or not
well-protected.  Ruiz-Hance, 596 F. Supp. 2d at 229-30 (citing
Arias-Rosado, 111 F. Supp 2d at 99).  The district court has also
reasoned that because any heir may represent the estate in matters
affecting the community rights, a complaint does not need to be
"filed by, or in the name of, the succession . . . ."  Cintron, 79
F. Supp. 2d 16, 19 (D.P.R. 1999).

----

[10] Three district court cases that so hold and that Jimenez
addresses are:  Arias-Rosado, 111 F. Supp 2d 96 (Gierbolini, J.);
Rodriguez-Rivera, 2009 U.S. Dist. LEXIS 17495 (Casellas, J.); and
Ruiz-Hance, 596 F. Supp. 2d 223 (Perez-Gimenez, J.).

The First Circuit Court of Appeals recently "harbor[ed] considerable skepticism" as to whether non-diverse heirs are not indispensable under Rule 19, Jimenez, 597 F.3d at 23, "even to the point of eliminating federal diversity jurisdiction." Id. at 25.  In Jimenez, a decedent's widow filed an action in this Court to collect her late husband's share of proceeds from an apartment complex development and to exercise an option on a piece of property allegedly reserved for him.  Id. at 22.  Jurisdiction was based on diversity.  Id.  The defendants moved to dismiss for failure to join an indispensable party pursuant to Rule 19, arguing that the decedents' three other heirs had to be joined, but that their joinder would defeat complete diversity.  Id.  After the widow amended her complaint to join just one of the decedent's heirs, who was diverse and thus did not destroy complete diversity, "[t]he defendants renewed their motion to dismiss, maintaining that [the widow] was not an adequate representative of the estate and that an adverse judgment could affect the non-diverse heirs' interests."  Id. at 22-23.  The widow also filed a parallel complaint in the Court of First Instance for the Commonwealth of Puerto Rico, naming all of the decedent's heirs as parties.  Id. at 23.

The court of appeals in <u>Jimenez</u>, taking <u>Arias-Rosado</u>, <u>Rodriguez-Rivera</u>, and <u>Ruiz-Hance</u>, (the same cases plaintiff relies on and defendants criticize in this case), "at face value," suspected that a federal suit failing to name the non-diverse heirs "is something of a free shot for the non-diverse heirs.  Success inures to their benefit while failure is costless."  597 F.3d at 26.  The court of appeals' ability to adjudicate the Rule 19 issue in <u>Jimenez</u> was hampered by the "unsettled state of governing Puerto Rico law."  <u>Id</u>. at 25.  Part of the court of appeals' hesitance stemmed from the fact that the district court cases that the plaintiffs cited "sound[ed] exclusively in tort" while the claim before it in <u>Jimenez</u> was based in contract.  The plaintiffs had also failed to cite even one single authority supporting their interpretation that the law extended to contract claims.  <u>Id</u>. at 26.  Put "in an awkward position," the court of appeals considered it "hard to say that the district court abused its discretion when the ostensible abuse is a matter of unsettled law." <u>Id</u>. at 26.  It reasoned, however, that "[c]ontractual proceeds due to the decedent belong to the undivided estate just as much as a wrongful death judgment." <u>Id</u>. Concluding that it was ill equipped to rule on the underlying question of Puerto Rico law, the First Circuit Court of Appeals stated that "[u]nder different

circumstances . . . [it] would consider certifying the underlying question to the Supreme Court of Puerto Rico." Id. at 27.

Unlike the action in Jimenez, this case involves tortious causes of action under article 1802. In light of the court of appeals' skepticism in Jimenez, this Court questions whether the case law regarding the concept of a sucesion is fully developed. To conduct its analysis, the Court surveys the varied interpretations of the concept of a sucesion reached by the Supreme Court of Puerto Rico.

As early as 1911, the Supreme Court of Puerto Rico recognized that "[t]he rights to the succession of a person are transmitted from the moment of his [or her] death and that [h]eirs succeed the deceased in all his [or her] rights and obligations." Velilla v. Piza, 17 P.R.R. 1069, 1073 (1911). Discussing heirship, the supreme court stated that multiple heirs "acquire **altogether** the rights of their predecessor." Id. at 1074 (emphasis added). Because heirship "conveys a joint right to the aggregate heritage," all of the heirs become owners in common upon the death of their predecessor. Id. Until the estate is partitioned and adjudicated, the community of property remains intact and "no one of the heirs may be considered to be the sole and exclusive owner of any particular portion or fixed and specific aliquot part of the

property of the heritage." Id.  The supreme court interpreted the
Civil Code to "confer a right to each and all of the properties of
the heritage, but not a specific right to certain properties, which
can only be acquired by an adjudication lawfully made in partition
proceedings." Id.

        In Danz, the Supreme Court of Puerto Rico addressed
the trial court's "conclusion that since the question of law raised
by some of the [heirs] had prevailed, all the others were bound by
said decision." 82 P.R.R. at 594.  Acknowledging that a sucesion
has no existence as a juridical person and is "not an entity
distinct and separate from the persons composing [it]," id. at 595,
the supreme court found that each heir's rights should be judged
individually because each individual may have a different attitude
towards the complaint.  Id. at 595.  In exploring whether an
adverse judgment as to some co-defendant heirs bound all of the
other heirs, the supreme court recognized an "individual
separability of the interest in the community of property," id.,
and applied the article 333 of the Civil Code which states:  "Each
one of the part-owners shall have the absolute ownership of his
part and that of the fruits and profits belonging thereto, and he
may, therefore, sell, assign, or mortgage the same, and even
substitute another person in the enjoyment thereof, or lease such

part, unless personal rights are involved." <u>Id</u>. at 595-96.  Laws
of P.R. Ann. tit. 31 § 1278.

          Twelve years later in <u>Widow of Delgado</u>, the Supreme
Court of Puerto Rico recognized article 1802 as the source of the
inherited or patrimonial action and the direct or personal action.
The supreme court explicitly stated that "**one** is the personal
action of the original victim of the accident for the damages the
same suffered; and **the other**, the action which corresponds
exclusively and by own right to the deceased's close relatives for
the damages the death of their predecessor caused them."  1 P.R.
Offic. Trans. 823 (emphasis added).  The supreme court cited
article 608 of the Puerto Rico Civil Code to iterate that an
inheritance includes all property, rights, and obligations of a
decedent and that heirs succeed the decedent in all of his or her
rights upon the decedent's death. <u>Id</u>.  Laws of P.R. Ann. tit. 31
§ 2090.  An original victim's right to claim for serious damages
resulting from pain and suffering before his or her death "is a
property privately owned, transmitted by his [or her] death to his
[or her] heirs and claimable by the latter as a part which it is of
their legal inheritance." <u>Id</u>.  Moreover, the heirs of a decedent
have an "unquestionable juridical and economical interest" in an
inherited cause of action.  <u>Id</u>.

The following year in <u>Tropigas</u>, the supreme court cited several commentators on the Spanish Civil Code to support its finding that any of a decedent's heirs may exercise an action because it will benefit all the other heirs.  102 D.P.R. 630 (1974).  One commentator wrote that when an inheritance remains undivided, each one of the heirs may "exercise the actions corresponding to the deceased, provided they result in benefit of the estate, and not in prejudice of the other co-heirs."  <u>Tropigas</u>, 102 D.P.R. 630 (citing VI-I Castan, *Derecho Civil Español, Comun y Foral*, 1960 ed., p. 247).  Another commentator wrote that an heir who exercises the right of the decedent does not acquire anything for himself or herself, but rather acquires damages in favor of the inheritance.  <u>Id</u>.  (citing XII Scaevola, *Codigo Civil*, Book III, Tit. III, 1950 ed., 55).  While the commentators and the supreme court reasoned that each one of the heirs may exercise an action corresponding to the deceased so long as the action "result[s] in benefit of the estate, and not in prejudice of the other co-heirs," <u>id</u>. (citing V Manresa, *Comentarios al Codigo Civil Español*, Book III, Tit. III, 1972 ed., 443), none specifically defined or described the meaning of "benefit" or "prejudice" in context.  <u>See</u> <u>id</u>.

### 3.   SUCESION ANALYSIS

While the First Circuit Court of Appeals concluded that the state of the governing Puerto Rico law is "unsettled," this Court prefers to characterize the law as being "undeveloped." Heeding the First Circuit Court of Appeals' skepticism and considering Puerto Rico property law, this Court exercises its power of independent judicial review to determine whether the non-diverse heirs to Maria Gascot's sucesion are necessary and indispensable parties to plaintiff Maribel Cruz's survivorship action.

The Court disagrees with the reasoning in Arias-Rosado that "[t]he fact that the succession is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate." 111 F. Supp. 2d at 99.  Plaintiff's siblings and father were original parties to this lawsuit.  By strategically dismissing them as parties along with the federal EMTALA claims, it appears that plaintiff sought to save her claims in this federal forum by creating diversity jurisdiction.  As the only diverse heir of Maria Gascot's sucesion, plaintiff Maribel Cruz maneuvered to create diversity that she herself knew did not originally exist when her siblings were co-plaintiffs.  The Court

Civil No. 08-2080 (FAB)                                          21

looks upon such a strategic manipulation with disfavor and concludes that applying this District's logic in <u>Arias-Rosado</u>, <u>Rodriguez-Rivera</u>, and <u>Ruiz-Hance</u> at "face value" leads to an incongruous result. Plaintiff now enjoys federal jurisdiction and awards "something of a free shot for the non-diverse heirs. Success inures to their benefit while failure is costless." <u>Jimenez</u>, 597 F.3d at 26.

       The court of appeals in <u>Jimenez</u> uncovered a "difficulty" regarding the sufficiency of damages awarded from a successful judgment in federal court. Questioning whether such a judgment would be "sufficient to bind the non-diverse heirs . . . or . . . would leave those heirs free to double down in the second suit?", the court of appeals identified an example of the undeveloped authority describing the nature of a sucesion. <u>Jimenez</u> 597 F.3d at 27. Without having sufficient briefing of case law or any authority to support either party's reasoning in <u>Jimenez</u>, the court of appeals was unable to answer this question.

       Faced with the undeveloped state of the governing Puerto Rico law, this Court approaches the issue here by first

looking to the language set forth in <u>Widow of Delgado</u>[11] and other
Puerto Rico case law.  Describing the two tortious causes of action
that arise out of a wrongful death under article 1802, the Supreme
Court of Puerto Rico stated that only **"one** is the personal action
of the original victim of the accident for the damages the same
suffered . . . ."  1 P.R. Offic. Trans. 823 (emphasis added).  An
inherited action such as plaintiff's wrongful death action here is
"a personal action of the original victim of the accident for the
damages that the same suffered," <u>Widow of Delgado</u>, 1 P.R. Offic.
Trans. 823, and a wrongful death judgment "belong[s] to the
undivided estate."  <u>See</u> <u>Jimenez</u>, 597 F.3d at 26.  As such, no
individual heir may be the "sole and exclusive owner of any
particular portion," or have any "specific right to certain
properties," of the estate.  <u>Velilla</u>, 17 P.R.R. at 1074.  Because
plaintiff Maribel Cruz has filed her survivorship claim "on her own
behalf and not as a representative of Mrs. Gascot-Pagan's estate,"

---

[11] The First Circuit Court of Appeals continues to rely on the
language in <u>Widow of Delgado</u> to define the claims that are
available to "heirs of a person who died through another's
negligence." <u>See</u>, <u>e.g.</u>, <u>Correa v. Hospital San Francisco</u>, 69 F.3d
1184, 1197 (1st Cir. 2009); <u>See also</u>, <u>Montalvo v. Gonzalez Amparo</u>,
587 F.3d 43, 46 n.3 (1st Cir. 2009).  <u>Widow of Delgado</u> states the
legal standard applicable to tort actions such as the wrongful
death inherited claim that María Gascot's heirs may bring in this
case, and those legal standards prevail over the language set forth
by its predecessor, <u>Danz</u>, 82 D.P.R. 591.

(Docket No. 60 at 14), she seeks to attain certain damages as a sole owner of the inherited claim (or her part in it).  The Court finds this to be contrary to what is set forth in article 1802 that only one cause of action exists for the personal action of the original victim.  Otherwise, a question would remain as to whether the other heirs to Maria Gascot's estate could file similar, additional suits.

        Under Puerto Rico property law, furthermore, a thing or a right is "owned in common" when it belongs undividedly to many people.  31 L.P.R.A. § 1271.  When two or more persons are titleholders to the same right, or that right is attributed to a plurality of subjects, the right belongs to all of them in common. Asociacion Residentes Urb. Sagrado Corazon v. Arsuaga-Alvarez, 160 D.P.R. 289, 306-07 (2003).[12]  In Sagrado Corazon, the Supreme Court of Puerto Rico reasoned that the right that each co-participant has for the communal thing is necessarily subordinate to the rights of all of the other co-participants.  Sagrado Corazon, 160 D.P.R. at 308.  Anything done in relation to that common thing requires a certain degree of joint action between the co-participants, because

_____

        [12] Although no official translation exists of the Sagrado Corazon case, the Court has ordered certified translations of the sections of the case necessary for its analysis.  The translation will be filed in the record.

otherwise one could prejudice the community or the interests of
each participant.  Id.  Accordingly, this Court finds that because
plaintiff Maribel Cruz's rights are subordinate to those of all of
her co-heirs, her inheritance action requires joint action by her
siblings.

A co-participant of common property has different
authority to bind the other participants of the community depending
on whether his or her action is one for preservation,
administration, or alteration of the common property.  Sagrado
Corazon, 160 D.P.R. at 308.  In an act to preserve the thing or
right held in common, each of the co-participants may exercise the
act and require the others to contribute to those expenses, 31
L.P.R.A. § 1274; in an administrative act for management and better
enjoyment of the common thing or right, a resolution of the
majority of the participants binds all of the participants, 31
L.P.R.A. § 1277; and in an act to alter the common property, no
single owner can make any change without the unanimous consent of
the others, even if the action would benefit all co-participants.
31 L.P.R.A. § 1276.  Administrative acts "preserve the present
value of the thing, without binding it for the future.  They also
include those acts that permit a thing to increase in value as the
circumstances permit it to benefit without need of taking any risk

or suffering heavy loss."   <u>De la Fuente v. A. Roig Sucrs.</u>, 82 P.R.R. 499, 507 (1961).  Acts of alteration to a thing or right, on the other hand, "are acts of material disposal that imply a change in the use and enjoyment or in the substance and integrity of the thing, which may modify its purposes and nature and which mean an extralimitation of the powers that legally correspond to each owner."   <u>Id</u>. at 508 (quotation and citation omitted).

        Plaintiff's inheritance cause of action, though seemingly an act of administration, more closely resembles an act of alteration.  An alteration means the change in the destiny of the communal thing or a modification in its form, substance, or material, <u>Sagrado Corazon</u>, 160 D.P.R. at 311, and that is a distinct possibility here.

        This suit certainly was not filed to preserve the value of the inheritance received from Maria Gascot or to increase its value.  This suit was brought to determine the value of Maria Gascot's pain and suffering which is transferred to her heirs.  Even if this suit were to be considered an administrative act, however, Maribel Cruz would need the concurrence of a majority of the heirs in order to bind them all, a concurrence that does not exist in the record.  That concurrence may be sufficient for Maribel Cruz to bring the action on the heirs behalf.

Nevertheless, a settlement of the case may entail an act of alteration of the inheritance because it may entail reducing the amount of the damages inherited.  An act of alteration would necessitate the consent of all the heirs, and that consent is not in the record, either.  This consent by all the heirs cannot be given before the suit is filed or even during the time it progresses through the litigation process.  The consent may only be given when a settlement offer is received, at which time if one of the heirs balks, a settlement is not possible even if all the other heirs agree to the settlement terms.  See Jimenez, 597 F. 3d at 27. The Court cannot be held hostage by an heir who is not a party to the case.  The Court cannot stress enough that the heirs have been recognized by the Supreme Court of Puerto Rico as the continuance of the legal personality of their predecessor.  Planas-Merced v. Aviles-Aviles, 2002 P.R. App. LEXIS 2845.[13]  (citing cases)  As an act of alteration, plaintiff Maribel Cruz alone may not make any changes to this right without the consent of all her co-heirs, even if the action would benefit all.  See 31 L.P.R.A. § 1276.

---

[13] There is no official translation for Planas-Merced case. As with the Sagrado Corazon case, the Court has ordered certified translations of the sections of the case necessary for its analysis.  The translations will be filed in the record.  See note 12.

This Court's conclusion, that all heirs of a sucesion must be named as parties to a federal suit based on diversity jurisdiction, is also grounded by the policy consideration mentioned above.  As the legal standards regarding a sucesion currently read according to several opinions by other judges of this Court, all heirs to a sucesion are not required to participate in an action involving the decedent's estate.  The citizenship of each of the absent heirs is thus ignored, even in a case whose federal subject matter jurisdiction is based solely on diversity.  See Arias-Rosado, 111 F. Supp. 2d at 100 ("[T]he members of a succession are not indispensable parties in a survivorship claim, consequently, their citizenship is irrelevant to the determination of diversity in this case.").  This result is plainly inconsistent with the idea that "[f]ederal courts are courts of limited jurisdiction." Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010).  To permit any heir whose citizenship would not destroy diversity to file an inheritance claim individually, and simultaneously to allow all other heirs whose citizenship would defeat diversity to remain absent, encourages heirs to create federal subject matter jurisdiction that would otherwise not exist. This Court is simply not willing to allow such a "free shot" for all of the non-diverse heirs.  Plaintiff's ruse to create diversity

jurisdiction must fail, and this Court will not allow her
survivorship claim to proceed in federal court if it would not
otherwise satisfy jurisdictional requirements.

### C.    RULE 19 JOINDER ANALYSIS

Defendants argue that plaintiff Maribel Cruz's siblings
are necessary and indispensable parties pursuant to Rule 19.  To
determine if someone is a necessary party, courts "decide whether
a person fits the definition of those who should 'be joined if
feasible' under Rule 19(a)."  Pujol v. Shearson/American Express,
Inc., 877 F.2d 132, 134 (1st Cir. 1989).  That party is one (1)
without whom the court cannot accord complete relief; or (2) who
claims an interest relating to the subject of the action and is
situated such that disposing of the action in the person's absence
may as a practical matter impair or impede the person's ability to
protect the interest; or (3) whose claimed interest in the subject
of the action would leave defendants subject to substantial risk of
incurring multiple or otherwise inconsistent obligations.
Fed.R.Civ.P. 19(a)(1); see also Picciotto, 512 F.3d at 16.  If the
court determines that someone is a necessary party under Rule 19(a)
but one that cannot be feasibly joined, then the court proceeds
under Rule 19(b) to determine "whether, in equity and good
conscience, the action should proceed among the existing parties or

should be dismissed." Fed.R.Civ.P. 19(b); <u>see</u> <u>also</u> In re <u>Cambridge</u> <u>Biotech Corp.</u>, 186 F.3d 1356, 1372 (1st Cir. 1999).   In other words, the court determines whether or not the party is "indispensable." <u>In re</u> <u>Cambridge Biotech Corp.</u>, 186 F.3d at 1372 (quoting <u>Pujol</u>, 877 F.2d at 134).

### 1.   RULE 19(a)

Pursuant to Rule 19(a), this Court must decide whether, in the absence of plaintiff Maribel Cruz's siblings, complete relief can be accorded to plaintiff; whether plaintiff's siblings claim an interest relating to the subject of this federal action and are so situated that disposing of the action may impair or impede their ability to protect their interests; or whether the defendants would be subject to a substantial risk of incurring multiple or otherwise inconsistent obligations if this case is allowed to proceed without joining the absent heirs.

Plaintiff's siblings would not need to be joined under Rule 19(a)(1)(A) to the extent that plaintiff Maribel Cruz's federal suit seeks only damages for herself and the absence of the non-diverse heirs should not prevent the court from awarding plaintiff money damages for her own pain and suffering.   This determination, however, assumes that plaintiff's federal suit can be properly brought by plaintiff as an individual, rather than on

behalf of Maria Gascot's estate.    Plaintiff "brought the
survivorship claim on her own behalf and not as a representative of
Mrs. Gascot-Pagan's estate," (Docket No. 60 at 14), which this
Court believes is contrary to the language set forth in article
1802 and subsequent case law interpreting the two causes of
action.[14]

---

[14] The Court agrees with defendants that "with respect to the
transmitted or inherited action, it is clear that it is only one
cause of action that belongs indivisibly to all the members of the
sucesion."    (Docket No. 81 at 7.)    Under the article 1802
"personal" claim, each person "acquires an independent action
against the person causing the unlawful death, for the source of
responsibility is precisely the particular and personal damage
suffered by each one of the plaintiffs." Caez v. U.S. Casualty
Co., 80 P.R.R. 729, 735 (1958).  The Supreme Court of Puerto Rico,
however, has distinguished the article 1802 personal claim
affording an individual heir an independent action "for the damage
which the death personally caused him" from the article 1802 claim
that "stem[s] from a hereditary right . . . for the damages
suffered by the deceased." Id. at 735-36 ("[O]ur law recognizes
two different and independent actions: first, [the decedent]'s
personal action as original victim of the accident for the damages
that he suffered; and second, the right of action accruing
exclusively, and in its own right, to each [heir] to claim damages
for his or her [decedent]'s death.").
    The Court believes that the "inherited" action under
article 1802 may only proceed with all heirs to the sucesion
because by definition, the action itself derives its existence from
the rights of the decedent, not those of any individual heir.
Unlike in a personal claim, the damages that each heir claims under
an inherited claim are not different; thus, there exists just one
cause of action for an inherited claim.  As such, plaintiff's
inherited survivorship claim cannot be split, affording each heir
an independent action as plaintiff Maribel Cruz seeks to do here.
The inherited claim cannot move forward without joining the other
heirs to Maria Gascot's sucesion as parties.

Pursuant to Rule 19(a)(1)(B)(i), the non-diverse heirs claim an interest relating to the subject of the federal suit, and this Court's disposition of the action in their absence may impair or impede their ability to protect that interest.  Each individual heir to a sucesion possesses a right to a portion of the estate, and the heirs succeed the deceased in all her property, rights, and obligations.  <u>Widow of Delgado</u>, 1 P.R. Offic. Trans. 823.  Similar to a community of property where a right belongs to several people in common, all heirs to a sucesion become co-titleholders, having qualitatively equal shares.  <u>See</u> <u>Sagrado Corazon</u>, 160 D.P.R. at 307.  Any ruling by this Court regarding the tortious damages owed to Maria Gascot's estate, therefore, necessarily affects the non-diverse heirs' interests in the sucesion.  Plaintiff's siblings' absence thus deprives them of the opportunity to participate in the proceedings, in the outcome of which they have a definite interest.  <u>See, e.g.,</u> <u>Baker v. Estate of Rosenbaum</u>, 58 F.R.D. 496, 498 (D.P.R. 1972).

Plaintiff Maribel Cruz's siblings are necessary parties pursuant to Rule 19 (a)(1)(B)(i) because a determination made in this case regarding Maria Gascot's estate will impact the non-diverse heirs' interests, and they may be harmed by this Court's resolution in their absence.  Because there are overlapping

and identical issues in plaintiff's federal suit and the
non-diverse heirs' state court suit for the suffering that Maria
Gascot experienced prior to her death, a determination in this
federal suit that any of the defendants acted negligently, for
example, would undoubtedly influence the state court's
determination as to the very same acts. See Pulitzer Polster v.
Pulitzer, 784 F.2d 1305, 1311 (5th Cir. 1986) ("Practically
speaking, the same witnesses will come to the witness stand and say
much the same things in the two lawsuits.  No doubt, credibility
findings will be important, and the state court may respect prior
findings by the federal court.").

          The previous cases decided by judges of this Court
disagree, reasoning that any heir may represent "matters affecting
the community rights," because a favorable judgment "will inure to
the benefit of his co participants, who will not be prejudiced by
an adverse judgment." Cintron, 79 F. Supp. 2d at 19; see also
Ruiz-Hance, 596 F.Supp 2d at 229.  According to that reasoning, if
the present heir wins, the absent heirs benefit, but if the present
heir loses, the absent heirs are unaffected. See Arias-Rosado, 111
F. Supp. 2d at 99 ("[T]here is no risk that the interest of the
absent heirs may be impaired or not well protected . . . [because]
'any judgment in favor of one or more participants benefits all

other participants in a community of property' whereas 'an adverse judgment only prejudices the one who filed the action.'") (citing Danz, 82 P.R. at 594; Perez v. Cancel, 76 D.P.R. 667, 675 (1954)). That logic rests on the propositions that an heir's favorable judgment disposes of the survivorship claim and benefits all of the absent heirs, while an adverse judgment does not prejudice the absent heirs because they may still assert a survivorship claim in state court.  Arias-Rosado, 111 F. Supp. 2d at 99.

        The Court finds such reasoning unpersuasive, particularly in light of the First Circuit Court of Appeals' acknowledgment that settlement of a state law claim is an interest that would be prejudiced by an adverse judgment in federal court. In Picciotto v. Cont'l. Cas. Co., 512 F.3d 9, 16 (1st Cir. 2008), the court of appeals held that "[s]ettlement position is a valid consideration in the practical inquiry required by Rule 19(a)(2)(i) because, even without a direct preclusive effect, an adverse judgment could be 'persuasive precedent in a subsequent proceeding, and would weaken [the absent party's] bargaining position for settlement purposes.'"  Id.  (quoting Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982)) (citing Gonzalez v. Cruz, 926 F.2d 1, 6 (1st Cir. 1991)).

Although this Court believes that the analyses in the three previous district court cases are misleading, it will also analyze whether Rule 19(a)(1)(B)(ii) is satisfied.  Defendants argue that they could be subjected to a "substantial risk of incurring multiple or otherwise inconsistent obligations" as to Maria Gascot's non-diverse heirs, who have filed a state court action that arises out of the same incident.  (Docket No. 81 at 7-8.)  "Inconsistent obligations" under Rule 19(a) "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident."  Widow of Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998).  Although "the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other," Plaza Las Americas, 139 F.3d at 3, the clause is designed to avoid subjecting a defendant to "a double or otherwise inconsistent liability."  Fed.R.Civ.P. 19 advisory committee note.

Here, there is a substantial risk that the defendants will face double liability as a result of this lawsuit.  If the state court allows recovery in the non-diverse heirs' inheritance claim, plaintiff Maribel Cruz will receive the benefit of damages awarded to Maria Gascot's estate because she is a member

of the sucesion.  Similarly, if her federal suit proceeds, Maribel
Cruz may receive damages individually for the same harm that the
state court already compensated.  The defendants would, in both
cases, be liable for both judgments.  See Pulitzer, 784 F.2d
at 1311.  The Court therefore finds that plaintiff's siblings, the
other heirs of Maria Gascot's sucesion, are persons to be joined if
feasible under Rule 19(a).

        This Court further finds that it is not feasible to
join the non-diverse heirs of Maria Gascot's estate to plaintiff's
inherited cause of action.  When a federal court's subject matter
jurisdiction is grounded in diversity, as in this case, "the
joinder of a nondiverse party is not feasible because such joinder
destroys the court's subject matter jurisdiction." Picciotto, 512
F.3d at 17.  A federal district court has "'original jurisdiction
of all civil actions where the matter in controversy . . . is
between . . . citizens of different States.' 28 U.S.C. § 1332(a).
This statutory grant requires complete diversity between the
plaintiffs and defendants in an action.  Strawbridge v. Curtiss, 7
U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)." Picciotto, 512 F.3d
at 17.  The word "State" includes the Commonwealth of Puerto Rico.
28 U.S.C. § 1332(e).  Because plaintiff's siblings are residents of
Puerto Rico, (Docket No. 1 at 3), and defendant HIMA-San Pablo

Hospital is a corporation organized or operating under the laws of the Commonwealth of Puerto Rico, (Docket No. 6 at 2), aligning them on opposite sides would destroy diversity jurisdiction.

### 2.   RULE 19(b)

Although plaintiff's siblings cannot be joined in the action without divesting the Court of its subject matter jurisdiction, additional criteria exist pursuant to Rule 19(b) to determine whether the parties are "indispensable."  Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 25 (1st Cir. 2010).  The critical question in the Rule 19(b) context is "'whether in equity and good conscience' the action may proceed in [the party]'s absence." Id. (citing B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) (quoting Fed.R.Civ.P. 19(b)).

> To answer that question, the district court must consider four factors specified in the Rule:  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Jimenez, 597 F.3d at 25 (citing Fed.R.Civ.P. 19(b)).  If the court
finds that the litigation cannot proceed in the party's absence,
the court must dismiss the case.  Id. at 25 (citing B. Fernandez,
516 F.3d at 23).

          Under the first factor, and as mentioned above, the
absent heirs' interests in settling their Puerto Rico state law
claim would be prejudiced by an adverse judgment in this case.
See, e.g., Picciotto, 512 F.3d at 18.  Plaintiff Maribel Cruz's
interest in this federal forum, moreover, is weak.  Because relief
is available to her in the Puerto Rico state court, the federal
court has no special expertise in the subject of her suit, and she
has no judgment in federal court to protect, her interests would
not be prejudiced by dismissing her federal claim.  See Pulitzer
784 F.2d at 1312; Cf. Provident Tradesmens Bank & Trust Co. v.
Patterson, 390 U.S. 102, 110 (1968).

          Regarding the second factor, "it would be difficult
if not impossible . . . to shape relief that would not implicate
[the absent heirs'] interests."  See Picciotto, 512 F.3d at 18.
Given the prejudicial impact on a potential settlement of the
absent heirs' Puerto Rico state law claim, "no protective approach
[is] possible because the prejudice to [the absent heirs] would
result from the potential outcome of the litigation itself, not the

specific terms of any judgment." <u>Picciotto</u>, 512 F.3d at 18.
Because this Court takes the view that an inherited or patrimonial
claim, like the one in this case, is an indivisible cause of action
belonging to all heirs of a sucesion, an adverse adjudication by
this Court would prejudice the absent heirs.

It is unclear under the third factor whether a
judgment rendered in the non-diverse heirs' absence would be
adequate.  The Court finds unpersuasive the reasoning in the three
previous cases that, because a judgment in favor of plaintiff
Maribel Cruz's survivorship claim will benefit her absent siblings,
"it is beyond any doubt that complete relief may be accorded in
this case in the absence of the non diverse heirs."  <u>See</u> <u>Arias-
Rosado</u>, 111 F. Supp. 2d at 99.  Similar to the plaintiffs in
<u>Jimenez</u>, plaintiff Maribel Cruz's siblings and father have filed a
parallel action in the Court of First Instance of the Commonwealth
of Puerto Rico.  (Docket No. 54 at 2.)  This Court expresses the
same skepticism as the First Circuit Court of Appeals in <u>Jimenez</u>:
Suppose that plaintiff Maribel Cruz is successful here in
recovering some monetary damages under her survivorship claim, yet
the amount of damages is not the full amount that she seeks.  "Does
that constitute a successful judgment sufficient to bind the
non-diverse heirs under the plaintiffs' theory of the law, or is it

Civil No. 08-2080 (FAB)                                                    39

instead an adverse judgment that would leave those heirs free to
double down in the second suit?" <u>Jimenez</u>, 597 F.3d at 27.  Just as
the First Circuit Court of Appeals was "unaware of any authority
one way or the other" to answer such a "difficulty," this Court is
similarly "ill equipped to rule on this question of Puerto Rico
law."  <u>See</u> <u>id</u>.  Viewing the inherited claim as a single,
indivisible cause of action, however, the Court agrees with
defendants that "a judgment cannot be entered in the absence of all
the members who are required to participate in the action."
(Docket No. 81 at 9.)

        If this federal action were dismissed for
nonjoinder, plaintiff Maribel Cruz would have an adequate remedy
under the fourth factor.  Because relief may be afforded to her in
the Puerto Rico state court, where she can join the other heirs to
pursue the inherited claim, an adequate remedy exists.

        For the reasons set forth above, joinder of the
necessary party heirs is not feasible under Rule 19(a).  Because
the non-diverse heirs are also indispensable parties pursuant to
Rule 19(b), the survivorship action cannot proceed without them.
<u>See</u> <u>Picciotto</u>, 512 F.3d at 20 ("By definition, the Rule 19(b)
indispensability determination means that there is no viable
lawsuit without the missing party.")  Jurisdiction in this case is

grounded in diversity of citizenship, and "the absence of a
nondiverse, indispensable party is not a mere procedural defect.
Rather, it destroys the district court's original subject matter
jurisdiction." See id. Accordingly, defendants' motion for
summary judgment as to plaintiff's survivorship claim is hereby
**GRANTED.**

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES
in part** defendants' motion for summary judgment. Maribel Cruz's
individual claim for her own pain and suffering survives.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 4, 2010.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE